IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | § EP-13-CR-0481-KC |
| | § |
| ERIC DEE MILDON aka Erik Mildon. | § |

**ORDER**

On this day the Court considered Defendant Eric Dee Mildon's ("Mildon") Motion for Severance ("Motion"), ECF No. 32. For reasons set forth below, the Motion is **GRANTED**.

I. BACKGROUND

On March 13, 2013, in the Western District of Texas, El Paso Division, a grand jury returned a two-count indictment against Mildon. *See generally* Indictment, ECF No. 14. Count One of the Indictment charges Mildon with, on or about February 15, 2013, knowingly possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) due to his status as a convicted felon. *Id*. at 1. Count Two charges Mildon with, on or about January 24, 2013, knowingly transmitting a threat in interstate commerce in violation of 18 U.S.C. § 875. *Id*. at 2. With regard to this count, the Indictment alleges that Mildon placed a phone call in El Paso, Texas, to a United States Department of Veterans Affairs employee in Oklahoma and that during this phone call Mildon stated, "I will just go back and kill the people [in Veterans Affairs]." *See id*.

On April 24, 2013, after he was indicted, Mildon moved to sever the two counts in the Indictment on the basis that trying these counts together would be improper. *See* Mot. 10. The government filed a timely response in opposition on May 9, 2013. *See* Government's Resp. to

1

Def.'s Mot. for Severance ("Response") 6, ECF No. 34. Mildon filed a timely reply on May 20, 2013. *See* Def.'s Reply to Government's Resp. to Def.'s Mot. for Severance 5, ECF No. 36.

## II. DISCUSSION

Mildon moves to sever Count One from Count Two of the Indictment pursuant to Federal Rules of Criminal Procedure 8(a) and 14. Mot. 1, 3-4. Mildon argues that severance is required under Rule 8(a) because the alleged threat and the alleged possession of a firearm are not of the same or similar character or based on the same transaction. *Id*. at 4 (citing Fed. R. Crim. P. 8(a)). Mildon argues that severance is also required under Rule 14 because "trying the Counts together [would allow] the Government to introduce the prejudicial evidence relating to Mildon's alleged felony conviction and possession of a firearm. This evidence would not otherwise be admissible in the trial for allegedly transmitting death threats." *Id*. at 5 (citing Fed. R. Evid. 402).

The government counters that severance is not appropriate under Rule 8(a) because the events in this case "are intertwined with one another." Resp. 4. In its Response, the government explains that after Mildon made his alleged threat, agents with the Federal Protective Service ("FPS") contacted him. *See id*. at 1-2. According to the government, Mildon then admitted to the FPS agents that he had firearms in his house. *Id*. Then, the government indicates that it learned that Mildon had been convicted of a felony in 2002. *Id.* at 2-3. Based on Mildon's status as a convicted felon and his admission that firearms were in his house, the government secured and executed a search warrant of his residence. *See id*. This search revealed the firearm charged in Count One of the Indictment. *See id*. at 3. Accordingly, the government argues that the events in this case are related: if Mildon had not made the alleged threat, there would have been no investigation, and the firearm would not have been discovered. *See id*.

With respect to Mildon's Rule 14 prejudice argument, the government argues that evidence of Mildon's threat would not be prejudicial at trial because it would be "admissible as intrinsic evidence" in its prosecution of Count One—that is, the felon-in-possession count. *Id*. at 4. The government does not respond to Mildon's contention that evidence that he was a felon-in-possession of a firearm would be prejudicial at trial to his defense as to Count Two—that is, the threat count. *See id*. at 4-5.

### A. Proper Joinder under Rule 8

The preliminary inquiry in considering a motion to sever is whether initial joinder was proper under Federal Rule of Criminal Procedure 8(a). *See United States v. Holloway*, 1 F.3d 307, 310 (5th Cir. 1993). Joinder of two or more offenses is only proper under Rule 8(a) "if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a); *United States v. Singh*, 261 F.3d 530, 533 (5th Cir. 2001). When determining if there is a nexus between the charged offenses, a court may only look to the allegations contained in the indictment. *United States v. Butler*, 429 F.3d 140, 146 (5th Cir. 2005) ("Whether the initial joinder of charges was improper under Rule 8 of the Federal Rules of Criminal Procedure is judged according to the allegations in the superseding indictment."); *United States v. Chagra*, 754 F.2d 1186, 1188 (5th Cir. 1985). In the Fifth Circuit, "Rule 8 is to be broadly construed in favor of initial joinder." *United States v. Winn*, 948 F.2d 145, 161 (5th Cir. 1991) (internal quotation marks omitted).

Two or more offenses are of a same or similar character if they both involve similar activities or methods. *See United States v. Fortenberry*, 919 F.2d 923, 926 (5th Cir. 1990); *United States v. Blake*, 941 F.2d 334, 338 (5th Cir. 1991); *United States v. Bullock*, 71 F.3d 171,

175 (5th Cir. 1995). Two or more offenses are based on the same act or transaction when there is a series of occurrences "depending not so much upon the immediateness of their connection as upon their logical relationship." *United States v. Park*, 531 F.2d 754, 760-61 (5th Cir. 1976). This logical relationship has been read in a "flexible" manner. *See United States v. Rodriguez-Santillan*, 33 F.3d 1379 (5th Cir. 1994). Two or more offenses are connected with or constitute parts of a common scheme or plan if the offenses are logically related to a common objective. *See Butler*, 429 F.3d at 147; *United States v. Davis*, 124 F. App'x 838, 845 (5th Cir. 2005); *United States v. Hatcher*, 423 F.2d 1086, 1090 (5th Cir. 1970).

**B.     Severance under Rule 14**

Even if two or more offenses are properly joined under Rule 8(a), a court may sever the offenses under Federal Rule of Criminal Procedure 14 if the court finds that joinder of the offenses would result in prejudice to the defendant. *See* Fed. R. Crim. P. 14; *United States v. Neuman*, 08-24, 2009 WL 273208, at *1 (E.D. La. Jan. 23, 2009). Specifically, Rule 14 states that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14. Prejudice occurs when there is a serious risk that a jury will be prevented "from making a reliable judgment about guilt or innocence." *United States v. Rodriguez*, 553 F.3d 380, 394 (5th Cir. 2008).

When a felon-in-possession charge is joined with another charge there is a significant risk of prejudice because the felon-in-possession charge may lead to the introduction at trial of the defendant's criminal history. *See, e.g.*, *United States v. McCarter*, 316 F.3d 536, 538 (5th Cir. 2002). Introduction of a defendant's criminal history is potentially prejudicial because it may

4

cause a jury to draw an impermissible negative character inference. *See, e.g.*, *Holloway*, 1 F.3d at 307; *United States v. Ceasar*, 2:06CR20023-001, 2006 WL 1312481, at *2 (W.D. La. May 11, 2006). Accordingly, the Fifth Circuit has "long recognized the obvious dangers inherent in trying a felon-in-possession count together with other charges." *McCarter*, 316 F.3d at 538; *see also Holloway*, 1 F.3d at 311 (finding reversible error when robbery and felon-in-possession charges were not severed because a jury might have concluded that the defendant was a "bad person" because of his prior conviction).

When a felon-in-possession charge is brought with a threat-like charge, there is an additional risk for prejudice because the felon-in-possession charge may lend unwarranted credibility to the other charge. *See Singh*, 261 F.3d at 533-34. Particularly relevant to this case is the Fifth Circuit's holding in *Singh*. *See id.* at 530. In *Singh*, the government charged the defendant with harboring illegal aliens for commercial advantage and being a felon-in-possession of a firearm. *Id.* at 533. The government argued that these charges were properly joined as a common scheme or plan because the defendant used violence as a means to control the aliens that he harbored. *Id.* However, there was no substantial evidence that the defendant actually used the firearm charged in the indictment to threaten or control the aliens. *Id.* Accordingly, the Fifth Circuit concluded that joinder was improper. *Id.* Moreover, the Fifth Circuit found that this joinder was prejudicial because the inclusion of the felon-in-possession charge was "arguably determinative" as to the knowledge requirement of the harboring charge. *See id.* at 534. This is because evidence of the defendant's possession of firearms implied that the defendant was making threats of force against the aliens. *See id.* And resorting to threats of force indicated that the defendant was knowingly harboring illegal aliens for commercial

advantage. *See id*. As a result of this, the Fifth Circuit reversed the defendant's harboring conviction and remanded the case for further proceedings. *Id*. at 534-36.

### C. Threat under 18 U.S.C. § 875(c)

In this case, Mildon is charged with violating 18 U.S.C. § 875(c) which specifically forbids the transmission "in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another . . . ." 18 U.S.C. § 875(c) (2012). A statement is only a threat if "'in its context [it] would have a reasonable tendency to create apprehension that its originator will act according to its tenor.'" *United States v. Morales*, 272 F.3d 284, 287 (5th Cir. 2001) (quoting *United States v. Myers*, 104 F.3d 76, 79 (5th Cir. 1997)) (alteration in original). In other words, the credibility of a threat is only judged by the effect it has at the time it was made. *See United States v. Stinnett*, 313 F. App'x 711, 714 (5th Cir. 2009).

### D. Appropriateness of Severance

Here, the nature of the allegations contained in the Indictment requires severance under both Rule 8(a) and Rule 14. Severance is appropriate under Rule 8(a) because the Indictment provides no nexus between the two crimes charged. *See Butler*, 429 F.3d at 146. The Indictment contains no explanation of how Mildon's alleged possession of a firearm and his alleged making of a threat are of a similar character, part of the same transaction, or part of a common plan. *See generally* Indictment. The government's argument that the two alleged crimes are part of the same transaction in that the government discovered that Mildon was a felon-in-possession in the course of its investigation of his alleged threat is not persuasive because this theory is not found in the Indictment. *See Butler*, 429 F.3d at 146; *United States v. Leemans*, CRIM. 95-253, 1995 WL 569246, at *1 (E.D. La. Sept. 22, 1995) (severing under Rule 8(a) where the "Government's

arguments that the two counts [were] 'heavily related' and 'intertwined' [was] not supported by the allegations of the indictment"). Moreover, even if the government's transactional theory was articulated in the Indictment, it would not be persuasive because there is no allegation that the firearm Mildon is charged with possessing was in any way used in making the alleged threat. *See Singh*, 261 F.3d at 533-34; *Leemans*, CRIM. 95-253, 1995 WL 569246, at *2 ("The two counts are not based on the same act or sequence of events. The Government does not suggest that a weapon was brandished, or even actually possessed, by the defendant at the time of the alleged threat."). Here, there is no allegation that Mildon conveyed to the Veterans Affairs employee that he owned any firearms. Accordingly, severance is warranted under Rule 8(a). *See Singh*, 261 F.3d at 533; *Leemans*, CRIM. 95-253, 1995 WL 569246, at *2.

Additionally, because of the prejudicial nature of the felon-in-possession charge in this case, severance is also appropriate under Rule 14. First, evidence supporting the felon-in-possession charge might impermissibly cause a jury to draw a negative character inference about Mildon. *See Holloway*, 1 F.3d at 311. Second, evidence supporting the felon-in-possession charge might prejudice the jury as to Mildon's guilt with respect to the threat charge. *See Singh*, 261 F.3d at 534. As in *Singh,* a jury might improperly believe that because Mildon has a criminal background and illegally possessed a firearm, it is more probable that he made a credible threat. *See id*. This is particularly prejudicial because whether Mildon did in fact have a firearm or a criminal history has no bearing on whether he violated 18 U.S.C. § 875 in this case because the genuineness of the alleged threat is judged at the time it was made. *See Morales*, 272 F.3d at 287. Again, there is no allegation that Mildon conveyed to the Veterans Affairs employee that he owned any firearms. *See generally* Indictment. Thus, the later discovery of Mildon's criminal history and alleged firearm possession are irrelevant to the threat charge. *See*

*Morales*, 272 F.3d at 287. Accordingly, because of this risk of prejudice, the Court also finds that the felon-in-possession charge must be separated from the threat charge under Rule 14. *See Singh*, 261 F.3d at 534.

## III. CONCLUSION

For the reasons stated above, Mildon's Motion, ECF No. 32, is **GRANTED**. The Court **ORDERS** that Count One of the Indictment be severed from Count Two of the Indictment. The Court **FURTHER ORDERS** that Count One—that is, the felon-in-possession count—will be set for jury selection/trial on August 16, 2013 at 8:30 a.m. Count Two—that is, the threat count—will be set for trial at a later date.

**SO ORDERED.**

SIGNED this 31st day of May, 2013.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE